UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GRAY, | No. 2:14-cv-0473 KJN P |
| Plaintiff, | |
| v. | ORDER |
| B. COGDELL, et al., | |
| Defendants. | |

On March 12, 2014, this court identified plaintiff as a "three strikes litigant," under 28 U.S.C. § 1915(g), which precludes plaintiff from proceeding in forma pauperis in an action unless he demonstrates that he was "under imminent danger of serious physical injury" when he filed the complaint. See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053, 1056 (9th Cir. 2007). Plaintiff did not contend that he met this exception, but instead paid the full filing fee on April 11, 2014. Thereafter, plaintiff filed two copies of his First Amended Complaint (FAC).[1] (ECF Nos. 8, 9.) References herein are to the FAC filed April 11, 2014. (ECF No. 8.)

////

////

---

[1] Plaintiff's second-filed FAC appears to be identical to his first-filed FAC. The second FAC is prefaced by a letter in which plaintiff expresses his concerns that the first FAC may have been incomplete, which does not appear to be the case. (See ECF No. 9.) Plaintiff's motion for an extension of time to pay the filing fee and file his complaint (ECF No. 7), will be denied as moot.

I. <u>Screening of FAC</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is frivolous when based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); see also <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint fails to state a claim when it appears beyond doubt that plaintiff can prove no set of facts in that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

The court finds the FAC difficult to construe, as it does not conform to an acceptable format, and the legal claims are interwoven with the factual allegations. The FAC commences with 19 "grounds for relief," is then signed by plaintiff, and thereafter concludes with 90 "statement[s] of claims," which include 20 "counts;" the FAC names 25 defendants. The FAC challenges plaintiff's validation as a gang member, as allegedly based on unreliable and fabricated evidence. The FAC also alleges that plaintiff was denied access to the courts by defendants' allegedly intentional obstruction of plaintiff's efforts to exhaust his administrative remedies, particularly with respect to his gang validation. The FAC asserts that defendants' alleged misconduct was motivated by retaliation against plaintiff for attempting to expose defendants' allegedly corrupt practices, apparently pursuant to the administrative exhaustion

////

process. Plaintiff asserts legal claims premised on the First Amendment (alleged retaliation,[2] by falsely validating plaintiff, and preventing his exhaustion of the administrative appeals process; alleged denial of access to the courts;[3] and alleged confiscation and banning of reading material[4]);

---

[2] "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted). At the pleading stage, the "chilling" requirement is met if the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.'" Id. at 568, quoting Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). However, direct and tangible harm will support a First Amendment retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights. Rhodes, at 568 n.11. "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), citing Rhodes, 408 F.3d at 568 n11.

The plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 268 (9th Cir.1997) (upholding jury determination of retaliation based on filing of a false rules violation report); Rizzo v. Dawson, 778 F.2d 527, 531 (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). Rather, the interest asserted in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive. However, not every allegedly adverse action will support a retaliation claim. See, e.g., Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'") (citation omitted).

[3] "[P]risoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. In order to state a denial of access claim under the First Amendment, a prisoner must show that he suffered an "actual injury" as a result of the defendants' actions by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351-55 (1996). Actual injury may be shown if the alleged shortcomings "hindered his efforts to pursue a legal claim," such as having his complaint dismissed for "for failure to satisfy some technical requirement" or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." Id. at 351.

[4] "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v.

Eighth Amendment (alleged cruel and unusual punishment[5] resulting from plaintiff's allegedly unsupported gang validation, viz., indefinite SHU assignment, effective LWOP, diminished ability to obtain a parole date, resulting mental and emotional distress, and physical deterioration); and Fourteenth Amendment (alleged denial of due process[6] in gang validation; and alleged denial of equal protection,[7] including alleged reliance on the gang validation process as a pretext to confiscate reading material from African American prisoners/plaintiff.)

////

---

Procunier, 417 U.S. 817, 822 (1974); see also Turner v. Safley, 482 U.S. 78 (1987) (factors to be considered in evaluating the constitutionality of prison regulations).

[5] The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim the plaintiff must show that objectively he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also show that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834.

[6] To state a claim for the deprivation of procedural due process, plaintiff must allege that an identified state actor denied him of a specific liberty interest. Sandin v. Connor, 515 U.S. 472, 483-84 (1995). A prisoner whose liberty interest is threatened is entitled to advance written notice of the charges, a hearing, written findings and reasons for the disciplinary action taken and, when it presents no security risk, permit the prisoner to call witnesses and present evidence in his defense. Wolff v. McDonnell, 418 U.S. 539, 563-566 (1974).

[7] Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. Wolff, supra, 418 U.S. at 556. Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one").

1 The court has been required to cull these apparent claims. The FAC lacks coherence, particularly in failing to separate factual allegations from legal claims, and specifying the alleged constitutional violation(s) of each defendant.  The FAC reads as a disfavored "shotgun" pleading. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001) ("a shotgun complaint leads to a shotgun answer" and "disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery"); Anderson v. Dist. Bd. of Trustees of Centr. Florida Comm. Coll., 77 F.3d 364, 366-7 (11th Cir. 1996) ("[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice"); Smith v. Rainey, 2010 WL 4118096, 16 (M.D. Fla. 2010) ("[w]hatever the merits of the underlying claim(s), [p]laintiff[] risk[s] having them overshadowed by the manner in which these claims are alleged").

The court finds the allegations in plaintiff's FAC to be vague and conclusory.  The FAC does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with some degree of particularity the specific overt acts which each defendant allegedly engaged in that support plaintiff's respective legal claims. Id.

For these reasons, plaintiff's FAC will be dismissed, with leave to file a Second Amended Complaint (SAC) that meets the requirements set forth herein.  Plaintiff need not file an SAC; however, if he does, he must clearly allege how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, supra, 423 U.S. at 371.  The complaint must allege in specific terms how each named defendant allegedly violated plaintiff's constitutional rights. Id.  There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivations. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1  Local Rule 220 requires that an amended complaint be complete in itself without
2  reference to any prior pleading.  The SAC will supersede the FAC.  See Loux v. Rhay, 375 F.2d
3  55, 57 (9th Cir. 1967).  Therefore, in the SAC, each claim and the involvement of each defendant
4  must be sufficiently alleged.
5  Plaintiff may, however, request that the exhibits attached to his FAC (see ECF No. 8 at
6  19-63) be attached to his SAC.
7  The court has set forth, in the footnotes of this order, elements of several legal claims that
8  plaintiff attempts to assert, which should guide plaintiff in articulating his claims in a SAC.
9  II. Request for Appointment of Counsel
10  Plaintiff requests the appointment of counsel.  (ECF No. 6.)  Plaintiff states that he is
11  indigent; that he has tried unsuccessfully to obtain representation on his own (plaintiff provides
12  copies of several letters from various attorneys and law firms so indicating); that he lacks legal
13  knowledge and experience; that he is housed in solitary confinement with limited access to the
14  prison law library; that he is hearing impaired, ADA designated, and "mentally ill on
15  psychotropic medication" (id. at 6; see also id. at 57 (March 2013 Consent Form indicating that
16  plaintiff was then taking 60 mg. Prozac per day)).  Plaintiff also asserts that his "case and
17  situation [are] unique, being Plaintiff is the first prisoner in the history of California prisons to
18  actually obtain his confidential prison file which clearly supports his claims against defendants. . .
19  ."  (Id. at 5.)  (Indeed, plaintiff has submitted copies of several apparently official documents
20  referencing this apparent breach of confidentiality.)  Plaintiff asserts that this case is meritorious
21  and complex; that an attorney is required to handle the confidential documents; that considerable
22  discovery will be required, including obtaining the identity of, and interviewing, confidential
23  witnesses; that expert testimony will be required; and that each of these matters is better pursued
24  by appointed counsel.
25  District courts lack authority to require counsel to represent indigent prisoners in section
26  1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional
27  circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  See
28  28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The court finds plaintiff's request for appointment premature, in light of the requirement that plaintiff file a further amended complaint to demonstrate that he has potentially cognizable legal claims. Moreover, most of plaintiff's arguments in support of appointing counsel are common to most prisoners, and therefore do not support such appointment. While plaintiff's apparent possession of confidential information relied upon to validate him as a gang member is unique, it does not automatically transform this into a meritorious case or require the appointment of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to pay the filing fee and file his complaint (ECF No. 7), is denied as moot.

2. Plaintiff's request for appointment of counsel (ECF No. 6), is denied without prejudice.

3. Plaintiff's First Amended Complaint (ECF Nos. 8, 9) is dismissed.

4. The Clerk of Court is directed to send plaintiff a "Prisoner Civil Rights Packet," for guidance in the preparation of his Second Amended Complaint.

5. Within thirty days after service of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

////

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

  6. Plaintiff's SAC must be so labeled, bear the docket number assigned to this case, and comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

  7. Failure to file a Second Amended Complaint in accordance with this order may result in the dismissal of this action.

Dated: June 6, 2014

/gray0473.14.AC.kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  RICKY GRAY,                               No. 2:14-cv-0473 KJN P
12              Plaintiff,
13       v.                                   NOTICE OF AMENDMENT
14  B. COGDELL, et al.,
15              Defendants.
16
17       Plaintiff hereby submits the following document in compliance with the court's order
18  filed_____.
19
20       _____    Second Amended Complaint
21
22       _____    Plaintiff requests that the exhibits attached to his
                         First Amended Complaint (see ECF No. 8 at 19-63),
                         be attached to his Second Amended Complaint.
23
24
25  _____     _____
    Date                                  Plaintiff
26
27
28

1